**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RASHA A. BYNUM,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-06-2272 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| **B. THIROWAY, et al.,** | : |
| | : |
| **Defendants.** | : |

**M E M O R A N D U M**

**I.    Background**

Rasha A. Bynum, at the time an inmate at the United States Penitentiary at Canaan, Pennsylvania, originally filed this civil rights action pursuant to 28 U.S.C. § 1331 in the United States District Court for the Eastern District of Pennsylvania. In the complaint, Plaintiff names three (3) Defendants, all employees at the Federal Correctional Institution at Schuylkill (FCI-Schuylkill), his former place of confinement. Named as Defendants are Brian Thiroway and Robert Schreffler, Senior Officer Specialists, and Michael Kabonick, EMT. The complaint alleges that Thiroway and Schreffler assaulted him on October 28, 2004, resulting in injury to his head and neck. He further contends that Kabonick failed to treat him for his injuries. On November 17, 2006, the action was transferred to this Court pursuant to 28 U.S.C. § 1391(e), where the proper venue exists.

On November 29, 2006, an Order was issued directing service of the complaint on the Defendants. (Dkt. Entry 2.) On January 8, 2007, the summons was returned executed as to the United States Attorney General and the United States Attorney. (Dkt. Entry 3.) Waivers of service were filed the same date as to Defendants Thiroway and Schreffler. (Dkt. Entry 4.) On February 23, 2007, Plaintiff submitted a filing docketed by the Clerk's Office as a "Motion to Supplement." (Dkt. Entry 7.) Thereafter, a motion for summary judgment was filed on behalf of all named Defendants. (Dkt. Entry 9.) Supporting documents have also been submitted. On May 11, 2007, Plaintiff filed a motion for appointment of counsel. (Dkt. Entry 21.) For the reasons that follow, the motion to supplement will be construed as both a request for discovery and a motion to re-direct service on Defendant Kabonick. The request for discovery will be granted only to the extent that Plaintiff will be afforded the opportunity to conduct discovery in this case. Defendants' motion for summary judgment will be denied without prejudice to reinstate/supplement the motion. The request to redirect service will be denied. Further, Plaintiff's motion for appointment of counsel will be denied without prejudice.

## II.     Discussion

### A.     Motion for Counsel

In the pending motion for counsel, Plaintiff states that he is unable to afford an attorney, is limited in his ability to litigate this case due to his imprisonment, only has limited time in the prison law library and has minimal knowledge of the law. He further contends that a trial in this

case will likely involve conflicting testimony requiring the assistance of a skilled attorney. (Dkt. Entry 21.)

It is well established that prisoners have no constitutional or statutory rights to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to request counsel to represent an indigent litigant. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Insufficient facts have been alleged thus far to make an assessment of the probable merit of Plaintiff's claims.

Even assuming that the claims do have arguable merit, a weighing of the other pertinent factors militates against appointment of counsel at this time. Those factors are:

    1. The plaintiff's ability to present his or her own case;

3

    2.  The difficulty of the particular legal issues;

    3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

    4.  The plaintiff's capacity to retain counsel on his or her own behalf;

    5.  The extent to which a case is likely to turn on credibility determinations; and,

    6.  Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Plaintiff has thus far demonstrated competent ability to prepare and submit documents to the Court which are both legible and comprehensible.  While he complains about the time he has available to spend in the prison law library, there is no question that he does have access to the law library for purposes of preparing his filings.  Any concern over trial preparation in this matter is premature in light of the procedural posture of the case, and the fact that no discovery has yet taken place.  Further, the case is not overly complex, but rather, involves issues which are straightforward.  Accordingly, the motion for counsel will be denied, but without prejudice to the matter being reconsidered either upon motion or sua sponte if circumstances change.

**B.**    **Motion to Supplement**

Following service of the complaint in this matter, Plaintiff filed a document entitled "Motion to Supplement."  (Dkt. Entry 7.)  Thereafter, Defendants filed a motion for summary

judgment. No answer has been filed. Upon review of Plaintiff's submission, it is clear he intends the document to serve two (2) purposes. First, he intends it to be a request for discovery from Defendants. Specifically, he seeks the production of videotapes of the assault and the two (2) occasions, following the incident, when Defendant Kabonick failed to provide him with medical treatment. In the motion, he also requests the court to re-direct service of the complaint on Kabonick, as it appears he was never served.

Pursuant to M. D. Pa. Local Rule 5.4, discovery requests are to be served on opposing counsel and parties, but shall not be filed with the court.[1] There is no indication that Defendants were ever served with any discovery requests in this case. It is clear, however, that Plaintiff has opposed the summary judgment motion on the ground that he has not been able to engage in appropriate discovery. (Dkt. Entry 25 at 7.) It is also clear that Defendants are aware that summary judgment is opposed because Plaintiff views his "Motion to Supplement" as a request for discovery. (Dkt. Entry 27 at 8.) Under these circumstances, Defendants' pending motion for summary judgment will be denied without prejudice, and Defendants directed to file an answer to the complaint within twenty (20) days. Sixty (60) days from the filing of the answer, discovery will close. Within thirty (30) days from the close of discovery, dispositive motions may be filed by the parties. Plaintiff is cautioned that he must

---

[1] In reviewing the docket, it does not appear that a Standing Practice Order was ever issued in this case. Accordingly, the Clerk of Court will be directed to do so.

follow Rules 26 through 37, and 45 in engaging in discovery, and that he must serve discovery requests upon defense counsel. Filing discovery requests does not suffice as service.

To the extent Plaintiff requests that service be re-directed on Defendant Kabonick, his request will be denied as moot. While the docket does not reflect that a Waiver of Service was filed on behalf of Kabonick, it is clear that the United States Attorney's Office has accepted service on behalf of, and is collectively representing, all three Defendants in this action as evidenced by the documents submitted in this case. An appropriate Order follows.


                                               **s/ Thomas I. Vanaskie**
                                               Thomas I. Vanaskie
                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHA A. BYNUM,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-2272 |
| | : | |
| vs. | : | (JUDGE VANASKIE) |
| | : | |
| **B. THIROWAY, et al.,** | : | |
| | : | |
| Defendants. | : | |

# O R D E R

**NOW, THIS 12th DAY OF SEPTEMBER, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Counsel (Dkt. Entry 21) is **denied without prejudice**.

2. Plaintiff's Motion to Supplement (Dkt. Entry 7) is construed to be both a Request for Discovery and a Motion to Re-direct Service on Defendant Kabonick. The request for discovery is **granted** only to the extent that Defendants' pending motion for summary judgment (Dkt. Entry 9) is **denied** without prejudice and Defendants directed to file an answer to the complaint within twenty (20) days from the date of this Order.

3. All discovery in this case shall be completed within sixty (60) days from the filing of the answer.

4. Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

5. Plaintiff's request to re-direct service is **denied as moot**.

6.	The Clerk of Court is directed to issue a Standing Practice Order in this case.


							**s/ Thomas I. Vanaskie**
							Thomas I. Vanaskie
							United States District Judge